[No. 223-2. Division Two. March 11, 1971.]

LOREN LEMEN et al., *Respondents*, v. PRING CORPORATION, *Appellant.*

*Robert G. Schimanski* (of *Schimanski & Leeds*), for appellant.

*Robert J. McNichols* (of *Winston, Repsold & McNichols*), for respondents.

ARMSTRONG, J.—Pring Corporation, the defendant at trial, appeals from a judgment quieting title to certain real property in the plaintiff.

The numerous assignments of errors proposed by the defendant raise only one issue. What interest, if any, was intended to be conveyed by an instrument entitled "Seller's Assignment of Contract and Deed" which was executed and delivered some 3 weeks after a warranty deed transaction between the parties? The trial court concluded that only the warranty deed conveyed an interest in realty to the Pring Corporation. We agree.

A short history of the transactions affecting the disputed property will reveal how this controversy arose. In 1958, Mr. Lemen and his wife owned a substantial parcel of real property in Spokane County. His home, situated upon a lot in the northeast corner of his property, was always excluded in subsequent transactions and its ownership was not in dispute. The property contested in this lawsuit consisted of nine lots in the northeast corner of Mr. Lemen's property adjoining his home.

During 1958, Mr. Lemen entered into negotiations with Vera Airway Homes (hereinafter VAH), for the purpose of conveying the entire parcel with the exception of his home lot. This is also the area included in the legal description of the property allegedly conveyed by the "Seller's Assignment of Contract and Deed."

An option agreement was subsequently drafted embody-

ing the terms of the Lemen-VAH negotiations. Under the terms of the option agreement, VAH was to go into possession on August 1, 1958. The full purchase price of the entire property was to be $62,750. For the option, VAH was required to pay $2,500 per year for a period of 3 years, the first payment to be due on August 1, 1958. If VAH chose to exercise the option to buy the entire property in August of 1960, the payment of the $7,500 was to be credited to the purchase price. Mr. Lemen reserved the right to repurchase from VAH any or all of nine lots adjoining his home, paying only VAH's development cost on those lots. It is these nine lots which could be repurchased that are the subject matter of this lawsuit.

In 1959 VAH defaulted in its payments and soon thereafter Mr. Lemen sent a notice of forfeiture to VAH. Although a notice of forfeiture was sent, the option agreement was never formally canceled.

During April of 1960, negotiations for the purchase of property commenced between Mr. Lemen and Mr. Pring, the president of Pring Corporation. Evidence at trial showed that Mr. Pring was cognizant of the option agreement during these negotiations. A warranty deed was then executed on April 15, 1960 by Mr. Lemen and his wife to the Pring Corporation. This warranty deed specifically excluded the nine lots adjoining Mr. Lemen's home from the conveyance. The purchase price of $30,000 was paid by the Pring Corporation, the warranty deed was recorded, and the entire sale was apparently closed.

The embryo of this lawsuit was created about 3 weeks later when Mr. Lemen became concerned with the fact that the property sold by warranty deed to the Pring Corporation, as well as the adjoining nine lots, might still be subject to the prior option agreement. Mr. Lemen desired some recognition by the Pring Corporation that the real property described in the warranty deed was subject to the option agreement.

Mr. Lemen then went to Mr. Schimanski, the attorney for the Pring Corporation, to attempt to resolve the

ambiguity inherent in the situation. He requested Mr. Schimanski to draw up the appropriate document. Mr. Lemen testified at trial that his only purpose for consulting with Mr. Schimanski was to effect some recognition that the Pring Corporation was "accepting this particular option agreement."

Mr. Schimanski at that time prepared the "Seller's Assignment of Contract and Deed," saying that although this was not the correct form, it would work. The "Seller's Assignment of Contract and Deed," was in the form of a conveyance, but the words "real estate contract" had been stricken and "option agreement" was inserted in their place. The legal description of the property described in the "Seller's Assignment of Contract and Deed" included the nine lots here in dispute as well as the area conveyed by the warranty deed.

The defendant argues that the "Seller's Assignment of Contract and Deed" made it clear that Mr. Lemen intended to convey all his interest in the real property described therein. However, undisputed testimony showed that no consideration was given to the plaintiff for signing the "Seller's Assignment of Contract and Deed"; that Mr. Lemen has at all times since 1960 paid the real estate taxes on this disputed property; that the disputed property is separately assessed from the property conveyed to the Pring Corporation by the warranty deed; and that the seller's assignment was not recorded until January 27, 1961.

Until 1965, nothing occurred which gave cause for concern. However, at that time, Mr. Lemen attempted to borrow money by mortgaging the disputed property—property which he believed he owned since it had been excluded from the warranty deed. The ensuing title search revealed that his title was clouded by the filing of the "Seller's Assignment of Contract and Deed," which ostensibly had conveyed all interest in the disputed property to the Pring Corporation. Mr. Lemen then brought this

quiet title action to resolve ownership to the disputed property and the trial court quieted title in him.

The defendant contends that the instruments—the option agreement, the warranty deed, and the seller's assignment —are clear and unambiguous and that no extrinsic evidence should have been allowed to vary the terms of the "Seller's Assignment of Contract and Deed." Had this been done, argues the defendant, it should have been clear to the trial court that Mr. Lemen did not intend to retain any interest in the disputed property.

However, we find the "Seller's Assignment of Contract and Deed" to be ambiguous in two respects. First, there is an ambiguity when it is construed in conjunction with the prior warranty deed. The "Seller's Assignment of Contract and Deed" purportedly conveys the disputed property, as well as the property conveyed by the prior warranty deed; this is more than an ambiguity—the deeds are inconsistent. Secondly, although the instrument signed last was designated a "Seller's Assignment of Contract and Deed," the standard printed form was changed in the body of the instrument by striking the words "real estate contract" and inserting in lieu of them the words "option agreement."

■ Obviously both documents were part of the same transaction even though they were executed approximately 3 weeks apart. This conclusion is reinforced by the facts that there was no consideration for the second document and they were dated the same day, although the notary's acknowledgment was dated approximately 3 weeks later on the "Seller's Assignment of Contract and Deed." If two documents relating to the sale of real property are part of the same transaction, they should be construed together in determining the intention of the parties with respect to the conveyance involved. *Standring v. Mooney*, 14 Wn.2d 220, 127 P.2d 401 (1942).

■ Because of the inconsistencies in the two documents which were executed as a part of the one transaction, they must be construed as one instrument, and parol evidence is admissible to show the circumstances under which the

instruments were executed. *Moore v. Gillingham,* 22 Wn.2d 655, 157 P.2d 598 (1945); *Standring v. Mooney, supra.*

This rule of law is reinforced by another rule, which renders parol evidence admissible to show the intent of the parties if an instrument of conveyance (or any other contract) is ambiguous.[1] *King County v. Hanson Inv. Co.,* 34 Wn.2d 112, 208 P.2d 113 (1949). The changes made in the "Seller's Assignment of Contract and Deed" clearly made the document ambiguous.

After hearing the evidence in explanation of the circumstances under which the documents were entered, the trial court found that the instrument entitled "Seller's Assignment of Contract and Deed" was not intended to convey any interest in the real property described therein. The court further found that the prior warranty deed correctly described the property conveyed.

Not only was there substantial evidence to support the finding of the trial court, but it was the only logical conclusion that could be reached under the evidence presented in this case.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

---

[1] "The modern tendency is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities to be clarified by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time. Hence, in the construction of deeds, surrounding circumstances are accorded due weight. In the consideration of these various factors, the court will place itself as nearly as possible in the position of the parties when the instrument was executed, and where the language of a deed is ambiguous, the intention of the parties may be ascertained by a consideration of the surrounding circumstances existing at the time of the execution of the deed." (Footnotes omitted.) 23 Am. Jur. 2d *Deeds* § 159 at 207 (1965).